Julian Adams
vs.
Wayposset Manufacturing Co.
W. C. A. No. 1506.

SUMNER, J. Petitioner, who was a weaver in the mill of the respondent company, has filed his petition under the Workmen's Compensation Act.

He claims that he bumped his knee against one of the looms that he was operating and that subsequently a bone abscess on the right fibula developed which required an operation on his leg at a hospital. He further claims total incapacity for a certain period and partial incapacity later.

The petitioner has made contradictory statements at different times which serve to impair his veracity, and the medical testimony does not clearly establish the causality of the alleged injury.

Petition denied.

For petitioner: Henry E. Crowe.

For respondent: Ralph T. Barnefield.

Ruth Peters
vs.
United Electric Railways Company
No. 87232.

October 19, 1933.

CHURCHILL, J. Heard on plaintiff's motion to file an additional count and on defendant's motion to strike the first count from the declaration.

The plaintiff is within the rule laid down in *Chobanian* vs. *Washburn Wire Company*, 33 R. I. 289. No new cause of action is set up in the proposed additional count. As far as the discretion of this Court is involved, it does not appear that the defendant will be surprised or suffer any particular hardship since the matter of the lack of chains was raised on the first trial of the case and at that time it was undisputed that the bus was not equipped with such appliances.

The motion to add an additional count is granted.

In respect to the motion to strike: the case in this aspect is ruled by the rescript of the Supreme Court remanding the case to the Superior Court for a new trial. The motion to strike the first count is denied.

For plaintiff: Hogan & Hogan.

For defendant: Clifford Whipple, Earl Sweeney.